## THE STATE *v.* THE JUDGE OF THE COURT OF PROBATES OF NEW ORLEANS.

Decision in the case of *The State* v. *The Judge of the Court of Probates of New Orleans*, 2 Robinson, 418, affirmed.

This was a rule on the Judge of the Court of Probates of New Orleans, *Bermudez,* J., to show cause why a mandamus should not be issued, commanding him to grant an order convening a family meeting.

BULLARD, J. Ducongé, the second husband of Madame Duclosel, and co-tutor of her minor child, having applied to the Court of Probates of the city and parish of New Orleans, within whose jurisdiction he is domiciled, to convoke a family meeting for the purpose of considering whether he might be permitted to substitute a special mortgage in lieu of the general legal one resulting from his tutorship, in pursuance of the provisions of the act of 1830, the judge refused to take cognizance of the application, and in answer to a rule to show cause why a peremptory mandamus should not be issued, reiterates the reasons urged on former similar occasions, and particularly in the matter of the minor, Fusilier. He further adds, that the petition does not set forth the description of the property proposed to be mortgaged, nor refer to the title. This last objection goes to the merits of the application. Upon the question of jurisdiction, the opinion of this court remains unchanged.

The rule is, therefore, made absolute.

*Pecquet,* for the mandamus.